UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLOS L. WILLIAMS                                    CIVIL ACTION

VERSUS                                                         NO. 20-196

MAGNOLIA MARINE TRANSPORT                   SECTION "R" (2)
CO., ET AL.


**ORDER AND REASONS**


Before the Court is defendant Magnolia Marine's motion for partial summary judgment.[1]  Because defendant has met its burden of proving the *McCorpen* defense, the Court grants the motion.


## I.    BACKGROUND

This case arises from an incident that allegedly occurred while plaintiff Carlos Williams was employed by defendant Magnolia Marine as a Jones Act Seaman aboard the M/V JODY MCMINN.[2]  On May 22, 2019, defendants Big River Shipbuilders were allegedly transporting the M/V JODY MCMINN into one of its shipyards when the lumber supporting the vessel broke,

---

[1]      R. Doc. 21.
[2]      R. Doc. 1 at 2, ¶ IV.

causing the vessel to list to one side. [3]  As a result, plaintiff allegedly fell and suffered an injury to his left shoulder.[4]

Plaintiff testified that he applied to work at Magnolia Marine in 2012 and stayed there for five years.  During that tenure, he worked as a deckhand and as a relief mate.[5]  Plaintiff temporarily left Magnolia Marine in 2017,[6] but he reapplied in the same year.[7]  Upon return, plaintiff worked as a tankerman and relief mate.[8]  Both times plaintiff applied for employment with Magnolia Marine, he filled out a "pre-employment medical information" form and a "medical history questionnaire."[9]  In all four forms, plaintiff indicated that he had no history of shoulder injuries and did not disclose any surgeries.[10]  Plaintiff also certified that that his answers in the forms were "true and complete."[11]

But plaintiff later testified that he suffered a shoulder injury while playing football in 2008.[12]  Plaintiff also stated that he underwent surgery to

---

[3]     *Id.*at ¶ VI.
[4]     *Id.* at ¶ VII.
[5]     R. Doc. 21-2 at 17-18, 23 (Williams Deposition at 63:21-64:23-25, 74:7-9).
[6]     *Id.* at 19 (Williams Deposition at 65:1-12).
[7]     *Id.* at 21-24 (Williams Deposition at 69:22-70:25, 74:11, 75:11-12).
[8]     *Id.* at 21, 23 (Williams Deposition at 69:23-25, 75:5-11).
[9]     R. Doc. 21-2 at 42-47.
[10]    *Id.*
[11]    *Id.*
[12]    R. Doc. 21-2 at 3-4 (Williams Deposition at 33:18-34:7)

treat the shoulder injury.[13]   Defendant now moves for partial summary judgment, raising a *McCorpen* defense.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute

---

[13]     *Id.* at 4-5 (Williams Deposition at 34:21-35:13).

3

of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the

pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III.   DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the shipowner was at fault, or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-42 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured during the course of fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* Before a plaintiff can recover maintenance and cure, he bears the burden of proving the following facts: (1) he was working as a seaman; (2) he became ill or was injured while in the vessel's service; and (3) he lost wages or

incurred expenses stemming from treatment of the illness or injury.  Thomas J. Schoenbaum, 1 *Admiralty & Mar. Law* § 6:28 (6th ed.).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment."  *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).  But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.*; *see also Bodden v. Prof'l Divers of New Orleans, Inc.*, No. 01-795, 2001 WL 1223589, at *2 (E.D. La. Oct. 12, 2001) (discussing the *McCorpen* defense).  Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure. *See McCorpen*, 396 F.2d at 549.  For a shipowner or employer to rely on the *McCorpen* defense to deny a seaman's maintenance and cure claim, the employer must establish that: (1) the seaman intentionally misrepresented or concealed medical facts; (2) the misrepresented or concealed facts were material to the employer's hiring decision; and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage. *Id.*; *see also Brown v. Parker*

6

*Offshore Drilling*, 410 F.3d 166, 171 (5th Cir. 2005) (finding the *McCorpen* defense established).

Defendant argues that plaintiff's failure to disclose his 2008 shoulder injury and the subsequent surgery for that injury allows defendant to deny him maintenance and cure under *McCorpen*.  For the reasons that follow, the Court finds that defendant has carried its burden of proving all three components of the *McCorpen* defense, and plaintiff failed to create an issue of material fact on any of those elements.

### A.    Concealment

Plaintiff intentionally concealed or misrepresented medical facts when he stated in his medical history forms that he had never experienced any shoulder trouble and failed to reveal his shoulder surgery.[14]  The Fifth Circuit has held that intentional concealment does not require a finding of subjective intent.  *Brown*, 410 F.3d at 174.  Rather, "[f]ailure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information . . . satisfies the 'intentional concealment' requirement."  *Id.*  Here, plaintiff testified that he injured his shoulder playing football, underwent "[l]eft shoulder surgery, had two postoperative

---

[14]    R. Doc. 21-2 at 42-44 (failing to disclose in 2012); *id.* at 45-47 (failing to disclose in 2017).

visits, and underwent physical therapy for his shoulder."[15]   The Court finds that plaintiff's failure to disclose the shoulder injury and subsequent treatment constitutes concealment of medical facts.

Plaintiff argues that a fact issue remains on the concealment question.[16]   In his opposition to defendant's motion, plaintiff asserts that he suffers from a learning disability that affects his reading comprehension.[17] But there is no evidence that plaintiff could not read or understand the forms. Indeed, at his deposition he demonstrated that he could read and understand the forms.  And he did not assert that a learning disability was an impediment to his understanding.   When asked about one of the questions at issue, he testified that he understood its meaning.  [18]  Reading the form, plaintiff stated that it asked for "medical history," listed "[s]houlder trouble," and asked whether he had "any illness or injury not listed."[19]  Plaintiff also confirmed his understanding of the term "medical history," agreeing that the form was asking whether he "ever" had any of the listed conditions.[20]

---

[15]   *Id.*  at 4-7 (Williams Deposition at 34:3-12, 35:12-13, 36:6-37:23).
[16]   R. Doc. 22 at 9-10.
[17]   *Id.*; *see also* R. Doc. 22-1 at 9 (Williams Deposition at 166:2-8).
[18]   R. Doc. 22-1 at 9 (Williams Deposition at 167:19-168:14).
[19]   *Id.*
[20]   *Id.* (Williams Deposition at 167:22-168:7).

After reading the form, plaintiff surmised that he "must not have comprehended it at the time because [he] checked no."[21]  He explained that he was thinking about the present when he did not "have anything going on."[22]  But plaintiff's rationalizations for why he failed to list his preexisting shoulder injury do not support his argument that he could not understand the questions because of a learning disability.  There is no evidence that plaintiff's learning disability prevented him from reading and understanding the questions on the form.[23]

In essence, plaintiff contends that he did not subjectively intend to conceal his shoulder issues.  But in *Brown*, the Fifth Circuit expressly found that concealment is an objective inquiry and, as a matter of law, failing to

---

[21]    *Id.* (Williams Deposition at 168:15-25).

[22]    *Id.* (Williams Deposition at 168:19-25).

[23]    The Court also notes that plaintiff testified he could read and write in English, R. Doc. 27-1 at 2 (Williams Deposition at 48:1-3); stated that he never told anyone at Magnolia Marine of his alleged learning disability, or asked anyone to read the preemployment forms to him, *id.* at 9 (Williams Deposition at 167:9-15); read the relevant portions of the forms out loud at his deposition and stated that he understood them, *id.* at 9-10 (Williams Deposition at 167:16-168:14); stated that he understood a "Mississippi Athletic Participation Form" when he filled it out four months before completing his preemployment forms for Magnolia Marine in 2012, and listed his shoulder injury on that form, *id.* at 13-15 (Williams Deposition at 179:16-181:16); *see also id.* at 16 (Mississippi Athletic Participation Form); and stated that he could read and understand football playbooks, job safety analysis forms, and the U.S. Coast Guard's test for a tankerman license, which he passed on his first attempt, *id.* at 11 (Williams Deposition at 170:6-171:6).

disclose medical information in a preemployment questionnaire satisfies the concealment requirement. *Brown*, 410 F.3d at 174. The Court finds that defendant has carried its burden of proving concealment, and that plaintiff has failed to create an issue of material fact on this question.

## B. Materiality

If an employer asks a specific medical question on an application, and the inquiry is rationally related to the applicant's physical ability to perform his job duties, the information is material for the purpose of the *McCorpen* analysis. *Id.* at 175; *see also McCorpen*, 396 F.2d at 549 ("[W]here the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.").

In pre-employment questionnaires that plaintiff completed in 2012[24] and again in 2017,[25] Magnolia Marine specifically asked plaintiff whether he had any preexisting shoulder conditions. This inquiry is rationally related to plaintiff's physical ability to perform the duties of a deckhand, tankerman, and relief mate, because these positions "require physical activity over

---

[24]   R. Doc. 21-2 at 42-44.
[25]   *Id.* at 45-47.

extended periods of time."²⁶  It is reasonable for Magnolia Marine to inquire about preexisting conditions because they might hinder an applicant's ability to perform physical tasks.  Plaintiff's omission of his shoulder injury and surgery was therefore material to Magnolia Marine's hiring decision under Fifth Circuit law. *See Brown*, 410 F.3d at 175 (noting that a seaman's "history of back injuries is the exact type of information sought by employers.").

*Luwisch v. American Marine Corporation*, No. 17-3241, 2018 WL 3111931 (E.D. La. June 25, 2018), on which plaintiff relies to argue that Magnolia Marine has not met its burden, is clearly distinguishable from the facts of this case.  The employer in *Luwisch* hired the plaintiff even though he did not complete a medical history questionnaire. *Id.* at *2 ("[T]he Court finds it significant that AMC hired Luwisch without having obtained the complete [medical history] packet.").  Courts generally "assume[] a connection between the specific medical question being asked and the employer's decision to hire," but that presumption does not apply when an employer hires an employee without requiring the employee to complete that portion of the application. *Id.*  Here, Magnolia Marine required plaintiff to answer a specific medical question that was clearly relevant to his ability to perform his job duties.  Under *McCorpen*, the information is therefore

---

²⁶     R. Doc. 21-3 at 2-3, ¶ 13 (Harris Declaration).

material.  *See Brown*, 410 F.3d at 175.  The Court finds that defendant has carried its burden of introducing evidence to show materiality, and that plaintiff has failed to create an issue of fact on the materiality element.

### C.    Causal Link

Finally, to succeed on its *McCorpen* defense, a defendant must show "a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."  *Brown*, 410 F.3d at 176 (quoting *Quiming v. Int'l Pac. Enters., Ltd.*, 773 F. Supp. 230, 236 (D. Haw. 1990)). But the test applied is "not a causation analysis in the ordinary sense." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728 (E.D. La. 2009). Rather, "the *McCorpen* defense will succeed if the defendant can prove that the old injury and the new injury affected the same body part."  *Id.* (citing *Brown*, 410 F.3d at 176); *see also Weatherford v. Nabors Offshore Corp.*, No. 03-478, 2004 WL 414948, at *7 (E.D. La. Mar. 3, 2004).  Indeed, "there is no requirement that a present injury be identical to a previous injury." *Brown*, 410 F.3d at 176 (quoting *Quiming*, 773 F. Supp. at 236).  Here, plaintiff's previous shoulder issues and his injury while employed by Magnolia Marine both affected his left shoulder.  The Court also notes that plaintiff did not contest the causation element in his response to defendant's motion.  Because both injuries affected the same body part, and plaintiff

offers no evidence in rebuttal, the Court finds that defendant carried its burden of showing causation.

In sum, defendant has carried its burden of proving all three elements of the *McCorpen* defense.  The Court must grant defendant Magnolia Marine's motion for partial summary judgment.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment is GRANTED.  Plaintiff's claims for maintenance and cure are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __30th__ day of December, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13